[Crim. No. 811.   Department Two.—December 14, 1901.]

## THE PEOPLE, Respondent, v. EMMET RHEW, Defendant.

CRIMINAL LAW—DISINTERMENT OF DEAD BODY—CONSTRUCTION OF CODE —CASE AFFIRMED.—The present case is decided upon the authority of *People* v. *Baumgartner, ante,* p. 72, to the effect that section 290 of the Penal Code requires the removal of a dead body from the grave in order to constitute the offense of disinterment thereof.

APPEAL from a judgment of the Superior Court of Merced County.  E. N. Rector, Judge.

The facts are stated in the opinion of the court, and in the opinion in the case of *People* v. *Baumgartner, ante,* p. 72.

V. G. Frost, and Ben Berry, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

THE COURT.—Defendant was tried on an information jointly charging him and one William Baumgartner and one Julian Rhew with violating sepulture. The facts in this case are the same as were presented in *People* v. *Baumgartner, ante,*

p. 72. Defendant was convicted, and appeals from the judgment of conviction and from the order denying his motion for a new trial. The question as to the proper construction to be given the word "disinter," as found in section 290 of the Penal Code, arises in this case as it did in *People* v. *Baumgartner;* the same instruction was given by the court which was held to be error in *People* v. *Baumgartner.* The two cases can be distinguished neither in their facts nor in the questions of law presented. Upon the authority of *People* **v.** *Baumgartner,* the judgment of conviction is reversed.